UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY ROY WILSON,<br>　　　　Petitioner,<br>　　v.<br>JEFF LYNCH,<br>　　　　Respondent. | Case No. 22-cv-06042-PCP<br><br>**ORDER GRANTING CERTIFICATE OF APPEALABILITY IN PART**<br><br>Re: Dkt. No. 26 |

## BACKGROUND

On April 8, 2024, this Court denied petitioner Anthony Roy Wilson's petition for a writ of habeas corpus. Dkt. No. 21. The facts and procedural history underlying Mr. Wilson's petition can be found in the Court's order. *Id.* at 1–5. The Court held that the state court did not unreasonably apply clearly established federal law in finding no prosecutorial misconduct during Mr. Wilson's trial, the state court did not unreasonably apply clearly established federal law in finding no Confrontation Clause violation, and the state court did not make an unreasonable factual determination in denying Mr. Wilson's motion for a mistrial. Mr. Wilson has appealed the decision to the Ninth Circuit, which remanded the case to this Court "for the limited purpose of granting or denying a certificate of appealability." Dkt. No. 26. For the following reasons, the Court grants a certificate of appealability in part.

## LEGAL STANDARDS

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "To meet this standard, the petitioner must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve

encouragement to proceed further." *Martinez v. Shinn*, 33 F.4th 1254, 1261 (9th Cir. 2022).

## ANALYSIS

As to the Confrontation Clause issue, the Court denies a certificate of appealability. As explained in the Court's order, the prosecutor's introduction of Tanner's statement "dude has a hammer" was not testimonial and served a nonhearsay purpose. Dkt No. 21, at 8. Therefore, Mr. Wilson has not made a substantial showing that this issue is debatable among reasonable jurists.

As to the prosecutorial misconduct and denial of mistrial motion issues, however, the Court grants a certificate of appealability. In denying Mr. Wilson's habeas petition, the Court held that the state court did not violate constitutional due process because it admonished the jury about the prosecutor's questioning regarding Tanner's statement and determined that any prejudice from the prosecutor's conduct would be accordingly cured. But the Court finds that the constitutional issues raised by Mr. Wilson are debatable and could be resolved in a different manner, or at the very least are "adequate to deserve encouragement to proceed further." *Martinez*, 33 F.4th at 1261.

## CONCLUSION

For the foregoing reasons, the Court grants a certificate of appealability as to the issues of whether the state court unreasonably applied clearly established federal law in finding no prosecutorial misconduct and whether the state court made an unreasonable factual determination in denying Mr. Wilson's motion for a mistrial. The Court denies a certificate of appealability as to the issue of whether the state court unreasonably applied clearly established federal law in finding no Sixth Amendment Confrontation Clause violation.

**IT IS SO ORDERED.**

Dated: June 12, 2024

P. Casey Pitts
United States District Judge